J-S54042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| WILLIAM BROWN, | : | |
| | : | |
| Appellant | : | No. 180 WDA 2016 |

Appeal from the PCRA Order December 21, 2015
in the Court of Common Pleas of Allegheny County,
Criminal Division, No(s): CP-02-CR-0004266-2005;
CP-02-CR-0013412-2003; CP-02-CR-0015665-2003

BEFORE:  BENDER, P.J.E., OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED AUGUST 04, 2016**

William Brown ("Brown") appeals, *pro se*, from the Order dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On April 16, 2009, following a bench trial, the trial court found Brown guilty of the first-degree murder of Tiffany Griffin, two counts of first-degree murder for the deaths of her two unborn children, and the third-degree murder of Carmen Griffin.  On May 28, 2009, the trial court sentenced Brown to three consecutive terms of life in prison for the first-degree murders of Tiffany Griffin and her unborn children, and a consecutive term of 20 to 40 years in prison for the third-degree murder of Carmen Griffin.  This Court affirmed Brown's judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal.  ***See Commonwealth v.***

**Brown**, 31 A.3d 746 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 31 A.3d 290 (Pa. 2011).

On July 13, 2012, Brown filed a *pro se* PCRA Petition. The PCRA court denied the Petition. This Court affirmed the denial, and the Pennsylvania Supreme Court denied allowance of appeal. **See Commonwealth v. Brown**, 121 A.3d 1141 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 128 A.3d 218 (Pa. 2015).

On October 15, 2015, Brown filed the instant PCRA Petition, his second. The PCRA court subsequently entered a Pa.R.Crim.P. 907 Notice of Intent to Dismiss. Thereafter, on December 21, 2015, the PCRA court dismissed Brown's PCRA Petition. Brown then filed a timely Notice of Appeal.

On appeal, Brown raises the following question for our review:

> Did the lower [PCRA] court [err] when it dismissed Brown's PCRA [Petition] as untimely filed where Brown satisfied subsection 42 Pa.C.S.A. § 9545(1)(ii)[], presenting newly discovered evidence, submitted within (60) days of learning of this newly-discovered evidence, and thus, satisfying subsection 42 Pa.C.S.A. § 9545(b)(2)[]?

Brief for Appellant at 4 (capitalization omitted).

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record.

- 2 -

> However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, a defendant must file any PCRA petition within one year of the date that the judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Brown's judgment of sentence became final on January 23, 2012, when the time to seek review with the Supreme Court of the United States expired. *See* U.S.Sup.Ct.R. 13. Brown had until January 23, 2013, to file a timely PCRA Petition. Therefore, Brown's 2015 Petition is facially untimely.

However, in the event that a petition is not filed within the one-year time limitation, the PCRA provides three timeliness exceptions: (1) the failure to raise the claim was the result of government interference; (2) the facts of the new claim were unknown to the petitioner and could not have

been discovered with due diligence; or (3) the right asserted is a constitutional right recognized by the United States Supreme Court or the Pennsylvania Supreme Court after the time period provided in the section and has been held to apply retroactively. 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any PCRA petition invoking one of these exceptions shall be filed within sixty days of the date the claim could have been presented. *Id.* § 9545(b)(2).

Here, Brown invokes the newly discovered facts exception based upon the decisions in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015). Brief for Appellant at 16. Brown argues that his sentence is illegal based upon *Alleyne* and *Hopkins*. *See id.* at 12-14, 16-17, 19.

In *Alleyne*, the Supreme Court held that any fact that increases the sentence for a given crime must be submitted to the jury and found beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2155. The Supreme Court reasoned that a Sixth Amendment violation occurs where these sentence-determinative facts are not submitted to a jury. *Id.* at 2156. In *Hopkins*, our Supreme Court held that under *Alleyne*, the mandatory minimum sentencing scheme set forth in 18 Pa.C.S.A. § 6317 ("Drug-free school zones") was unconstitutional in its entirety, as certain provisions of the statute did not adhere to the *Alleyne* holding, and were not severable from the remaining portions of the statute. *See Hopkins*, 117 A.3d at 262.

Brown's reliance upon *Alleyne* and *Hopkins* as newly-discovered facts is without merit, as judicial decisions do not constitute newly-discovered facts for the purposes of Section 9545(b)(1)(ii). *See Commonwealth v. Watts*, 23 A.3d 980, 986 (Pa. 2011).

Moreover, even if Brown had invoked the newly-recognized constitutional right exception, he filed the instant PCRA Petition over sixty days after both *Alleyne* and *Hopkins* were decided.[1] *See* 42 Pa.C.S.A. § 9545(b)(2); *see also Commonwealth v. Boyd,* 923 A.2d 513, 517 (Pa. Super. 2007) (stating that "[w]ith regard to a[ newly]-recognized constitutional right, this Court has held that the sixty-day period begins to run upon the date of the underlying judicial decision.").[2]

Based on the foregoing, the PCRA court properly dismissed Brown's PCRA Petition.

Order affirmed.

---

[1] *Alleyne* was decided on June 17, 2013, and *Hopkins* was decided on June 15, 2015. Brown filed the instant Petition on October 15, 2015.

[2] We additionally note that the rule established in *Alleyne* does not apply retroactively where the judgment of sentence is final. *See Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (stating that neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that *Alleyne* applies retroactively where the judgment of sentence has become final); *id.* (stating that although *Alleyne* claims implicate the legality of the sentence, courts cannot review a legality claim where the court does not have jurisdiction). Additionally, our Supreme Court did not hold that *Hopkins* applies retroactively to post-conviction petitioners such as Brown.

J-S54042-16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/4/2016